# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2021

Lyle W. Cayce
Clerk

No. 20-30479

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTHONY LEWIS, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:19-CV-13422

Before HIGGINBOTHAM, SMITH, and OLDHAM, *Circuit Judges*.
PER CURIAM:*

Anthony Lewis, Jr., federal prisoner # 34190-034, moves for a certificate of appealability ("COA") from the denial of his 28 U.S.C. § 2255 motion challenging his guilty plea to possessing with intent to distribute a mixture or substance containing a detectable amount of heroin. He maintains that, but for his trial counsel's failure fully to inform him of allegations against

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

one of the arresting special agents, he would have gone to trial instead of accepting a plea agreement. That failure to inform him, Lewis avers, constituted ineffective assistance of counsel.

To obtain a COA, Lewis must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy that burden, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that the issues he presents "are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Because Lewis has not made the requisite showing, his motion for a COA is DENIED. We have no need to reach the question whether the district court erred by denying an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534–35 (5th Cir. 2020).